SO ORDERED: December 28, 2012.



**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH ELMER WYLIE | ) | CASE NO. 11-13972-RLM-7A |
| CAROL DEE WYLIE | ) | |
| | ) | |
| Debtors | ) | |

**ORDER DENYING DEBTORS' MOTION TO ENFORCE EXEMPTIONS**

This matter came before the Court for hearing on December 14, 2012 upon Debtor's *Motion for Authority to Enforce Exemptions* (the "Debtors' Motion") and the Trustee's *Response in Opposition* and *Brief in Support of Response*. Debtor Carol Dee Wylie appeared in person and by counsel, William Schneck and Matthew Cree; the chapter 7 trustee, William J. Tucker, appeared by counsel Nicolette Mendenhall. The Court took the matter under

1

advisement. This order constitutes findings of fact and conclusions of law to the extent required by Fed. R. Bankr P. 9014 and 7052.

## *Background*

The Debtors filed this chapter 7 case on November 9, 2011 (the "Petition Date"). As of the Petition Date, the Debtors owned and resided at real estate located at 12143 North Magnetic Avenue in Mooresville, Indiana (the "Real Estate"). The Real Estate was listed on Schedule A of the Debtors' petition as having a value of $142,000 subject to a first mortgage to Fifth Third Bank in the sum of $19,319.00 and a second mortgage to Lawson & Company in the sum of $4,720.00. The Debtors listed a debt to Somerville National Bank ("Somerville") in the sum of $150,000.00 as an unsecured obligation. The Debtors claimed a homestead exemption in the Real Estate in the sum of $35,200.00.

In the course of seeking bankruptcy court authority to sell the Real Estate, the Trustee discovered that Somerville also held a recorded mortgage in the Real Estate, which the Debtors executed on January 13, 2006, but that the mortgage had not been recorded in the correct county until October 13, 2011, well within the ninety (90) day preference period. The Trustee filed an adversary complaint to avoid the Somerville mortgage under 11 U.S.C. §547 and preserve its amount for the benefit of the estate under 11 U.S.C. §550 and 551 (the "Avoidance Action"). The Trustee meanwhile proceeded with a sale of the Real Estate, and on December 30, 2011, the Real Estate was sold free and clear of liens, with valid liens attaching to the sale proceeds. Closing of the sale of the Real Estate occurred on February 8, 2012. The Trustee's Report of Sale approved on May 3, 2012 provides that, after deduction of the costs of sale and payment of the validly recorded mortgages on the Real Estate, the Trustee is holding $100,187.30 in sale

proceeds. The Debtors' Motion requests that their homestead exemption under Indiana Code §34-55-10-2(c)(1) be protected and the Trustee be ordered to distribute to the Debtors their $35,200.00 exemption once the Trustee has approval to distribute these funds. The Debtors maintain that the Trustee failed to object to their exemptions within thirty (30) days and therefore, their exemption should be allowed.

*Discussion*

Property interests are determined as of the date of the bankruptcy filing. *Kollar v Miller*, 176 F.3d 175 (3rd Cir. 1999). As of the date of the filing, the Debtors had granted and three creditors had taken mortgages on the Real Estate, although the Somerville mortgage was not properly recorded. It has always been the law in Indiana that, if a mortgage is unrecorded or improperly recorded, it nonetheless is valid between the parties. *Perdue v. Aldridge*, 19 Ind. 290 (1862); *Kirkpatrick v. Caldwells Admir's*, 32 Ind. 299 (1869); *Blair v. Whitaker*, 31 Ind.App. 664, 69 N.E. 182 (1903); *In re Dunn*, 109 B.R. 865, 873 (Bankr. N.D. Ind. 1988). Thus, as of the Petition Date, the Somerville mortgage was effective between the Debtors and Somerville and the Debtors had no equity in the Real Estate in which to assert an exemption. *See also* Indiana Code §34-55-10-2(e).

In a separate decision, this Court has granted summary judgment in the Trustee's favor in the Avoidance Action, ruling that the recordation of the Somerville mortgage within the ninety (90) day period of the Petition Date was an avoidable preferential transfer, thus rendering Somerville an unsecured creditor in the bankruptcy case. Pursuant to 11 U.S.C. §550(a), "to the extent that a transfer is avoided under section…547…of this title, the trustee may recover, *for the benefit of the estate*, the property transferred…" (emphasis added). Thus, the value of the

3

Somerville mortgage is preserved for the benefit of the estate. Where Somerville otherwise would have been entitled to the full amount of the sale proceeds had its mortgage been properly recorded as of the Petition Date, its share is now pro rata with that of other unsecured creditors.

The Debtors assert that their claimed exemption should be enforced and that they should be paid $35,200 from the sale proceeds. The case of *Riley v Sullivan,* 387 B.R. 353 (B.A.P. 1st Cir. 2008) is instructive. The trustee in *Riley* did not bring an avoidance action under §547 as the Trustee did here, but rather brought an action to avoid under the "strong arm" provisions of §544 a mortgage that was unperfected as of the petition date. Acknowledging that the trustee can avoid an unperfected mortgage on real estate pursuant to 11 U.S.C. §544(a)(3), the Bankruptcy Appellate Panel found that 11 U.S.C. §551 states that any transfer avoided under §544 is preserved for the benefit of the estate and that the trustee assumes the mortgagee's position vis a vis the mortgagor. Thus, the debtor there was in no better position as to the proceeds against the trustee as than the debtor would have been against the mortgagee outside of the bankruptcy context. 387 B.R. at 358.

More importantly, however, the debtor in *Riley* claimed that he was entitled to payment of the full amount of his exemption from the avoided transfer. The Bankruptcy Appellate Panel held that the only way in which the debtor can exempt property that the trustee avoided and preserved for the benefit of the estate under 11 U.S.C. §550 was through §522(g), which provides in pertinent part, "[n]otwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section…550, 551…of this title…if such transfer was not a voluntary transfer of such property by the debtor …or the debtor could not have avoided such transfer …" 11 U.S.C. §522(g)(1)(A) and (2). The debtor in *Riley* could not have avoided the mortgage he voluntarily gave to the mortgagee; only

4

the trustee in his superior position as hypothetical bona fide purchaser under §544(a)(3) could do that.  The principal that a debtor cannot benefit from any avoidance action except under §522(g) has been repeatedly acknowledged.  *See In Re Cybergenics Corp.* 226 F.3d 237 (3d Cir. 2000), *Wellman v Wellman* 933 F.2d  215 (4th Cir. 1991), *In Re Messina* 687 F3d 74 (3rd Cir. 2012).

*Riley* involved a mortgage that was unrecorded as of the petition date; here, Somerville's mortgage was recorded as of the Petition Date, but it was recorded within the preference period.  Other than the statute under which the transfer in question was avoided (§544 in *Riley*; §547 here) – which is a minor distinction -- *Riley* is squarely on point.  The Debtors, like the debtor in *Riley*, seek to assert their homestead exemption against the property avoided by the Trustee.  Like the transfer in *Riley*, the transfer that the Trustee ultimately avoided here was a voluntary transfer by the Debtors.   Like the debtor in *Riley*, the Debtors here could not have avoided the Somerville mortgage as it was still effective as to them even though it was recorded within the preference period and subject to avoidance.  Thus, like the result in *Riley*, the Debtors may assert their exemption only under §522(g), and, like the debtor in *Riley*, they cannot avail themselves of that section's provisions as their transfer (giving of the mortgage and consent to record it to Somerville) was voluntary.  Nor can they avoid the mortgage because it remains effective as between them and Somerville.  Thus, the Debtors cannot assert their homestead exemption under §522(g).

The Debtors contend that the Trustee failed to timely object to their exemptions as required by Fed. R. Bankr.P. 4003(b) and, therefore, is foreclosed from denying them their homestead exemptions now.  However, the Trustee had no duty to object to the exemptions since the Debtors' schedule of exempt property accurately described the assets and declared a value of the claimed exemption at an amount that is within the exemption statute's limits.  The Trustee

5

was entitled to rely on the values and need not object in order to preserve the estate's ability to recover value. *Schwab v. Reilly,* 130 S.Ct 2652, 2669 (2009)("[w]here, as here, a debtor accurately describes an asset subject to an exempt interest and on Schedule C declares the 'value of the claimed exemption' as a dollar amount within the range the [bankruptcy] code allows, interested parties are entitled to rely upon that value as evidence of the claim's validity. Accordingly, we hold that Schwab was not required to object to Reilly's claimed exemptions…in order to preserve the estate's right to retain any value in the [asset] beyond the value of the exempt interest.").

Accordingly, the Debtors' *Motion for Authority to Enforce Exemptions* is **denied.**

# # #

Distribution:

William Schneck / Matthew Cree, Attorneys for the Debtors

Nicolette Mendenhall, Attorney for William Tucker, chapter 7 Trustee